# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JUMPVIEW ENTERTAINMENT, LLC, :
and CAMPUSLIFE PRODUCTIONS, LLC, :
:
Plaintiffs, :  Case No.: 2:13-cv-03147-CDJ
:
CATHERINE SCORSESE, :
:
Defendant. :

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: (215) 995-2800
Facsimile: (215) 995-2801

Attorneys for Defendant Catherine Scorsese

On the Brief:

    Alexander Nemiroff
    L. Evan Van Gorder

I.  **INTRODUCTION**

Plaintiffs' Opposition to Defendant Catherine Scorsese's Motion to Dismiss avoids addressing almost all of the relevant facts and the overwhelming number of cases supporting dismissal and/or transfer of this case. Plaintiffs do not deny or even attempt to address the following facts:

- Ms. Scorsese rendered services for Plaintiffs in New York and New Jersey, but never in Pennsylvania.

- None of the services obtained by Ms. Scorsese took place in Pennsylvania.

- None of the relevant facts arose from actions occurring in Pennsylvania.

- Plaintiffs, in their own Complaint, have denied that Ms. Scorsese has any ownership interest in their Pennsylvania entities. (*See* Complaint at ¶86).

- Plaintiffs' agent, Kenneth Waddell ("Waddell") had a relationship with Ms. Scorsese from their New York University Film School days, and they had worked together on prior projects in New York. (Complaint at ¶12; Scorsese Dec. at ¶5).

- During the time of the operable facts set forth in the Complaint, Waddell lived in New Jersey. (Scorsese Dec. at ¶6).

- During the time of the operable facts set forth in the Complaint, Waddell worked in New York at Oppenheimer Funds. (Scorsese Dec. at ¶7).

- Ms. Scorsese met with Waddell numerous times at his New York office about the Picture. (Scorsese Dec. at ¶8).

- On numerous occasions, Plaintiffs' agent Michael Simon ("Simon") travelled to New York to meet with Ms. Scorsese about the Picture. (Scorsese Dec. at ¶9).

- The deal between the parties was struck in New York. (Scorsese Dec. at ¶10).

- At no time did Ms. Scorsese ever meet with Plaintiffs' agents in Pennsylvania. (Scorsese Dec. at ¶11).

- Ms. Scorsese has not been to Pennsylvania for over seven years. (Scorsese Dec. at ¶12).

- Ms. Scorsese has never conducted business in Pennsylvania. (Scorsese Dec. at ¶13).

- Almost all of the cast and crew of the Picture live and work either in New York, New Jersey or Los Angeles. (Scorsese Dec. at ¶14).

1

It is clear from this factual record alone that Plaintiffs have failed to meet their burden and that this case should be dismissed as a matter of law.

## II.   ARGUMENT

### A.   The Complaint Should Be Dismissed Because This Court Lacks Personal Jurisdiction Over Ms. Scorsese

#### 1.   Specific Jurisdiction Does Not Exist Over Ms. Scorsese

Plaintiffs do not attempt to demonstrate that general jurisdiction applies to Ms. Scorsese. Without any legal citation, Plaintiffs allege that specific jurisdiction applies because Ms. Scorsese claims (in the New York litigation) to be a minority shareholder of Jumpview Entertainment, LLC, a Pennsylvania entity. However, Plaintiffs do not allege any specific facts or law demonstrating that, based upon Ms. Scorsese's alleged minority ownership interest, she substantially directed her activities at Pennsylvania. To the contrary, "[a] defendant is not individually subject to personal jurisdiction merely based on his actions in a corporate capacity." *Schiller-Pfeiffer, Inc. v. Country Home Products, Inc.*, No. 04-cv-1444, 2004 U.S. Dist. LEXIS 24180, *15-16 (E.D. Pa. Dec. 1, 2004).

Plaintiffs also allege Ms. Scorsese was one of four signatories to a compensation agreement with cast member David Catalano. See Opposition at Exhibit "F". Even if Mr. Catalano was a Pennsylvania resident (which he is not), "[m]erely entering into a contract with a forum resident does not subject a nonresident to personal jurisdiction." *SMB Consulting and Investing, LLC v. Apple Valley Waste Service, Inc.*, No. 11-cv-2939, 2011 U.S. Dist. LEXIS 79280, *8 (E.D. Pa. July 21, 2011) (citing *Quandel Grp. v. Chamberlin Co., Inc.*, No. 98-cv-5762, 1999 WL 382878 at *2 (E.D. Pa. 1999)). Likewise, the fact that Plaintiffs "conducted activity in furtherance of the contract" such as post-production editing does not provide the Court with a basis for asserting jurisdiction over Ms. Scorsese. See *id.* at *12. Most incredibly,

Plaintiffs have attached an unexecuted and unauthenticated "Producer and Director Agreement" allegedly sent by Plaintiffs' counsel just prior to institution of this action to attempt to connect Ms. Scorsese to Pennsylvania. *See* Plaintiffs' Opposition at 11 and Exhibit "G". Of course, this document, which was never agreed-upon or executed by Ms. Scorsese, cannot provide any basis for conferring personal jurisdiction.

In *SMB*, this Court held that a plaintiff failed to establish personal jurisdiction over a nonresident defendant who 1) entered into a written consulting agreement with a Pennsylvania entity which was governed by Pennsylvania law; and 2) initiated seventy-one emails and twelve phone calls before and after the execution of the contract. *SMB*, 2011 U.S. Dist. LEXIS 79280 at *8. Even if all of Plaintiffs' unsupported allegations were true, Plaintiffs still could not establish personal jurisdiction over Ms. Scorsese.

As to Plaintiffs allegations that Ms. Scorsese engaged in tortious conduct, Plaintiffs must show that Ms. Scorsese knew that the Plaintiffs would suffer the brunt of the harm caused by the tortious conduct in the forum, *and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum. Id.* (emphasis supplied). *See Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001) (holding no personal jurisdiction because defendants did not expressly aim their conduct at Pennsylvania); *Scott v. Lackey*, No. 02-cv-1586, 2012 U.S. Dist. LEXIS 88937, *11 (M.D. Pa. June 27, 2012). Plaintiffs have made no showing that Ms. Scorsese made defamatory statements or sent defamatory material to anyone in Pennsylvania. Accordingly, Plaintiffs cannot demonstrate personal jurisdiction over Ms. Scorsese.

**B. Venue Should Be Transferred to the United States District Court for the Southern District of New York**

**1. The Claim Arose Elsewhere**

Plaintiffs ignore the fact that the negotiations with Ms. Scorsese and the contract struck between the parties occurred in New York, not Pennsylvania. Plaintiffs next ignore that the filming with Ms. Scorsese's participation took place in New Jersey. Plaintiffs have not demonstrated that Ms. Scorsese had any involvement in the post production work that Plaintiffs performed in Pennsylvania. The reason they have done so is because Ms. Scorsese was not involved in any Pennsylvania activities. *See Leatherman v. Cabot Oil & Gas Corp.*, No. 12-cv-3783, 2013 U.S. Dist. LEXIS 45297, at *7 (citing *Hamilton v. Nochimson*, No. 09-cv-2196, 2009 U.S. Dist. LEXIS 62644 (E.D. Pa. July 21, 2009)); *see also Cancer Genetics, Inc. v. Kreatech Biotech. B.V.*, No. 07-273, 2007 U.S. Dist. LEXIS 90857, *5 (E.D. Pa. Dec. 11, 2007) ("When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight."). In the instant dispute, the negotiations and contract struck between the parties occurred in New York, not Pennsylvania. (Scorsese Dec. at ¶¶ 8-9). Accordingly, this factor weighs heavily in favor of transfer.

**2. Convenience of Parties**

Plaintiffs ignore the fact that at least one of their founders, Waddell, does not live in the Commonwealth and works in New York. (Scorsese Dec. at ¶ 5). Plaintiffs also ignore the fact that their other founder, Simon, travelled to New York on numerous occasions to meet with Ms. Scorsese regarding the Picture. (Scorsese Dec. at ¶ 9). Rather, Plaintiffs selectively chose to rely upon Simon's residence and personal circumstances instead of any of their other owners and/or agents to support their arguments. Accordingly, the fact that everyone other than Mr.

4

Simon lives outside of Pennsylvania weighs in favor of transfer. *See, e.g., Siskin Steel & Supply Co. v. Highland North LLC*, No. 12-cv-105, 2013 U.S. Dist. LEXIS 270, *35 (W.D. Pa. Jan. 2, 2013) (listing location of parties as a factor considered when determining a venue's convenience).[1]

### 3. Convenience of Witnesses

Plaintiffs do not dispute that the vast majority of third party witnesses live and/or work outside of Pennsylvania. Further, the majority of the witnesses in this action are located in New York. (Scorsese Dec. ¶ 20). Because these witnesses are not located in Pennsylvania, they would potentially be unavailable for trial because they are beyond the subpoena power of this Court. *See York v. Norfolk Southern Railway Co.*, No. 12-cv-04881, 2013 U.S. Dist. LEXIS 3119, at *8 (E.D. Pa. March 6, 2013). Accordingly, this factor weighs heavily in favor of transfer.

### 4. Local Interest

New York plainly has the meaningful relation to this dispute, because many of the facts occurred in New York. Plaintiffs' agents travelled to New York to meet with Ms. Scorsese on numerous occasions. (Scorsese Dec. at ¶¶ 7-8). Thus, if wrongful conduct occurred at all, it did not occur in Pennsylvania. The courts and citizens of New York, therefore, have the interest in adjudicating this New York dispute. Pennsylvania, in contrast, has no meaningful nexus to the lawsuit. Nor does the Picture being filmed in New Jersey give Pennsylvania an interest in the lawsuit. The mere coincidence that Plaintiffs are companies that happen to be based in Pennsylvania cannot override New York's interest in regulating and adjudicating alleged

---

[1] Oddly, Plaintiffs allege that Ms. Scorsese has had "six lawyers" in this case as if this were remotely relevant to this inquiry. This is particularly curious since Plaintiffs are represented by Cozen O'Connor, one of the largest international law firms based in Philadelphia and which is currently representing Plaintiffs both in this action and the New York litigation.

5

wrongful conduct that occurs within its borders. *See Leatherman*, 2013 U.S. Dist. LEXIS 45297 at *10 (citing *Cable v. Allied Interstate, Inc.*, No. 12-cv-96, 2012 U.S. Dist. LEXIS 67111, *5 (E.D. Pa. May 11, 2012) ("The Middle District of Pennsylvania has substantially more interest in this case than does this court. Plaintiffs suffered all of their injuries there. This case has no relation to the Eastern District of Pennsylvania other than the location of plaintiffs' counsel.")). Accordingly, this factor weighs heavily in favor of transfer.

### III.   CONCLUSION

Defendant Catherine Scorsese respectfully submits that the Amended Complaint be dismissed for lack of personal jurisdiction and/or in favor of her first-filed action. In the alternative, Defendant requests in the interest of justice, that this action be transferred to the United States District Court for the Southern District of New York.

Respectfully submitted,

/s/ *Alexander Nemiroff*
Alexander Nemiroff
L. Evan Van Gorder
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-995-2800
Facsimile: 215-995-2801

Attorneys for Defendant Catherine Scorsese

Dated: July 5, 2013